UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE ADAMSON,

    Plaintiff,

v().                                               CASE NO:  8:08-cv-354-T-26TBM

SHADDOCK ESTATES HOMEOWNERS
ASSOCIATION, INC., et al.,

    Defendants.
_____/

**O R D E R**

    This cause comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 28) and Plaintiff's Memorandum of Law in Opposition thereto (Dkt. 33).

    The Complaint in this cause raises four claims against Defendants for violations of the Civil Rights Act of 1966, 42 U.S.C. § 1982 (Count I); violations of the Fair Housing Act, 42 U.S.C. § 3601, et seq. (Count II); intentional infliction of emotional distress (Count III); and violations of the Florida Fair Housing Act, Chapter 760, Florida Statutes (Count IV).  Defendants seek dismissal of all counts of the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief can be granted.

    In determining whether to grant a Fed. R. Civ. P. 12(b)(6) motion, the Court shall not dismiss a complaint if it includes "enough facts to state a claim for relief that is

plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (dismissing complaint because plaintiffs had not "nudged their claims across the line from conceivable to plausible"); see also Franklin v. IRS, No. 2:07-cv-23-FtM-29DNF, 2007 WL1831787, at *1 (M.D. Fla. 2007); Anderson v. Nichols, No. 3:07-cv-45/RV/EMT, 2007 WL 2020165, at *1 (N.D. Fla. 2007). The Court takes the well-pled facts of the complaint as true and construes the facts favorably to the plaintiff. See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 127 S. Ct. at 1964-65. To survive a motion to dismiss under Twombly, a complaint's factual allegations, if assumed to be true, "must be enough to raise the right to relief above the speculative level." Id. at 1965.

Plaintiff Michele Adamson ("Adamson"), a Jewish female, owns a home in the Shaddock Estates Subdivision in Auburndale, Polk County, Florida. Her ownership of the property is subject to a Declaration of Covenants, Easements, and Restrictions of Defendant Shaddock Estates Homeowner's Association ("the HOA"). The individual Defendants are all officers and/or members of the HOA.

As grounds for the counts of the complaint, Adamson alleges a number of incidents in which Defendants committed acts of discrimination, including informing her that "her type" (which she understood to mean a Jew) was not wanted in the Shaddock

Estates Subdivision, making verbal and written insults, enforcing non-existent community deed restrictions against her, stealing a mezuzah from the outside of her home, allowing her neighbors' pets to trespass upon her lawn, refusing to maintain common areas adjacent to Adamson's residence, and vandalizing the sidewalk near her residence by spray painting the word "Jew". (Dkt. 1, Complaint, ¶ 11 – 19.) Adamson alleges that Defendants' actions caused her to suffer a heart attack and forced her to purchase a new home outside of the Shaddock Estates Subdivision. (Id.) She adds that she has been unable to sell her Shaddocks Estates home because the acts of Defendants have given the area bad reputation. (Id.) The allegations of the Complaint make clear that all of Defendants' conduct occurred after Adamson's purchase of the home in the Shaddock Estates Subdivision and not during the acquisition. (Id.)

As to Count I, Defendants argue that Adamson fails to state a cause of action under 42 U.S.C. § 1982 because the allegations relate to events that occurred while she was residing in Shaddock Estates Subdivision and not while she was attempting to buy or sell the property. Defendants also contend that Adamson fails to adequately allege discriminatory intent. Section 1982 provides that:

> all citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982. Adamson seeks leave to amend Count I and the Court finds that Adamson should be given the opportunity to do so given the Supreme Court's holding in Patterson v. McClean Credit Union, 491 U.S. 164 (1989). In Patterson, the Court set

forth its interpretation that the equal right protected by Section 1982, "to inherit, purchase, lease, sell, hold, and convey real and personal property," not only covers the rights to acquire and dispose of property, but also covers the "right ... to use property on an equal basis with white citizens." 491 U.S. at 208 n.12 (citing Memphis v. Greene, 451 U.S. 100, 120, 101 S. Ct. 1584, 1597, 67 L. Ed. 2d 769 (1981). The Supreme Court previously determined that Jews are a group protected by Section 1982. See Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 107 S. Ct. 2019, 95 L. Ed. 2d 594 (1987).

With respect to Counts II and IV of the Complaint, which are Adamson's claims for Fair Housing Act violations, Defendants once again maintain that Adamson fails to state a cause of action under the seminal provisions of the Federal Fair Housing Act, 42 U.S.C. §§ 3603-3606, and the parallel provisions of the Florida Fair Housing Act, Sections 760.23 through 760.25, because the alleged conduct did not occur during a real estate transaction involving the subject property. Adamson fails to address this argument.

Section 3603 provides, in relevant part:

(a) Subject to the provisions of subsection (b) of this section and section 3607 of this title, the prohibitions against discrimination in the sale or rental of housing set forth in section 3604 of this title shall apply ....

42 U.S.C. § 3603 (emphasis added). Section 3604 is expressly entitled "Discrimination in the sale or rental of housing and other prohibited practices." 42 U.S.C. § 3604 (emphasis added). Section 3605 states, in pertinent part:

(a) **In general**

> It shall be unlawful for any person or other entity whose business includes engaging in residential <u>real estate-related transactions</u> to discriminate against any person in making available such a <u>transaction,</u> or in the terms or conditions of such a <u>transaction,</u> because of race, color, religion, sex, handicap, familial status, or national origin.

42 U.S.C. § 3605 (emphasis added).  Finally, Section 3605 is expressly entitled "Discrimination <u>in the provision of brokerage services</u>."  42 U.S.C. § 3606 (emphasis added).

Similarly, those portions of the Florida Fair Housing Act that mirror the federal statutes specifically pertain to discrimination in real estate transactions.  Section 760.23 is entitled "Discrimination in the sale or rental of housing and other prohibited practices."  Section 760.24 is entitled "Discrimination in the provision of brokerage services."  And, Section 760.25 is entitled "Discrimination in the financing of housing or in residential real estate transactions.  Certainly, these statutory sections would not apply to Adamson's claims.

It is also well-established by case law that the above-referenced provisions of the Federal Fair Housing Act do not apply to the case at bar because they only prohibit discriminatory conduct that directly impacts a person's ability to locate in an area or to secure housing.  See <u>Michigan Prot. and Advoc. Serv., Inc. v. Babin</u>, 18 F.3d 337, 343-46; <u>Jackson v. Comberg</u>, 2007 WL 2774178 (M.D. Fla. 2007) (holding that acts of discrimination occurring after the sale of a home are not actionable under the Fair Housing Act); <u>Savanna Club Worship Service, Inc. v. Savanna Club Homeowners' Ass'n, Inc.</u>, 456 F. Supp. 2d 1223, 1228 (S.D. Fla. 2005) (reasoning that Section 3604(b) is

limited to discrimination in the "provision of services and facilities" in connection with the acquisition of housing); <u>Richards v. Bono</u>, 2005 WL 1065141 (M.D. Fla. 2005) (reasoning that discrimination after the sale of a dwelling is not within the purview of Section 3604(b)); <u>Lawrence v. Courtyards at Deerwood Ass'n, Inc.</u>, 318 F. Supp 2d 1133, 1142 (S.D. Fla. 2004) (adopting the reasoning that nothing in the language of Section 3604(a) implies protection against alleged discrimination in the use or enjoyment of a dwelling after a dwelling is purchased); <u>Gourlay Forest Lake Estates Civic Assoc. of Port Richey</u>, Inc., 276 F. Supp. 2d 1222, 1233 (M.D. Fla. 2003) (concluding that Section 3604(b) only applies to discrimination in the provision of services that precludes ownership); <u>United States v. Space Hunters, Inc.</u>, 2001 WL 968993 at 5 (S.D.N.Y. 2001) (holding that the purpose and intent of the statute is to prevent expressions that result in the denial of housing, not all discrimination); <u>Jackson v. Okaloosa County</u>, 21 F. 3d 1531, 1542 (N.D. Fla. 1994) (finding that the phrase "otherwise make unavailable" [in 42 U.S.C. § 3604(a)] pertains only to discrimination at the initial acquisition of real property and not post-sale).  In light of the plain language of the statutes and the foregoing line of case law, Counts II and IV are due to be dismissed to the extent that they attempt to raise claims under  42 U.S.C. §§ 3603-3606 and Sections 760.23 through 760.25, Florida Statutes.

     Defendants also assert that Counts II and IV fail to state a claim to the extent that they may be based upon Section 3617 of the Federal Fair Housing Act and Florida's parallel provision, Section 760.37, Florida Statutes.  Section 3617 states as follows:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617.  Section 760.37, Florida Statutes, mirrors this language in all pertinent respects.

In the absence of violations of Sections 3603-3606, a plaintiff may be able to state a claim under Section 3617 by alleging discriminatory conduct that is so pervasive and severe as to be considered threatening or violent.  Lawrence v. Courtyards at Deerwood Ass'n, Inc., 318 F. Supp. 2d 1133, 1145 (S.D. Fla. 2004).  To establish a *prima facie* case pursuant to Section 3617, a plaintiff must show: (1) defendant coerced, intimidated, threatened or interfered; (2) with plaintiff's enjoyment of a housing right after the exercise of that right; (3) because of discriminatory animus.  See Jackson v. Comberg, 2007 WL 2774178, at *6 (M.D. Fla. Aug. 22, 2007); Lawrence, 318 F. Supp. 2d at 1143-44.

Assuming that Adamson's allegations are true, they are sufficient to raise the right to relief above the speculative level and, thus, are adequate to survive a motion to dismiss.  Defendants cite a litany of cases arising out of the Northern District of Illinois for the proposition that more egregious facts than those cited by Adamson, such as firebombing, cross burning, physical assault, and attempted arson, are required to state a claim under § 3617.  However, the Seventh Circuit Court of Appeals held, in a more recent decision, that such "ominous, frightening, or hurtful" conduct is not required because "[t]here are

other, less violent but still effective, methods by which a person can be driven from his home and, thus, 'interfered' with in his enjoyment of it." Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n, 388 F.3d 327 (7th Cir. 2004); see also, King v. Metcalf, 56 Homes Ass'n, Inc., 385 F. Supp. 2d 1137, 1145 (D. Kan. 2005) (holding that validity of a § 3617 claim did not depend on degree of contact between tenant and the association).

As set forth above, Adamson alleges a number of incidents in which Defendants committed acts of interference, including informing her that "her type" was not wanted in the Shaddock Estates Subdivision, making verbal and written insults, enforcing non-existent community deed restrictions against her, stealing a mezuzah from the outside of her home, allowing her neighbors' pets to trespass upon her lawn, refusing to maintain common areas adjacent to Adamson's residence, and vandalizing the sidewalk near her residence by spray painting the word "Jew". (Dkt. 1, Complaint, ¶ 11 – 19.) Adamson alleges that Defendants' actions caused her to suffer a heart attack and forced her to purchase a new home outside of the Shaddock Estates Subdivision. (Id.) Therefore, to the extent that Counts II and IV are based upon § 3617 of the Federal Fair Housing Act and Florida's parallel provision, Section 760.37, Florida Statutes, they are sufficient to withstand Defendants' Motion to Dismiss.

Adamson's final claim, in Count III, is for the common law tort of intentional infliction of emotional distress. In Florida, the elements of a cause of action for intentional infliction of emotional distress are: (1) the intentional or reckless infliction of

mental suffering upon someone; (2) by extreme and outrageous conduct of another; (3) which said conduct must have caused suffering; and (4) the suffering must have been severe.  See Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985). The Court finds that the allegations of the Complaint fail to reveal the presence of these elements.

In setting forth a cause of action for intentional infliction of emotional distress and in defining what extreme and outrageous conduct is, the Florida Supreme Court and other district courts have adopted the definition set forth in the Restatement (Second) of Torts (1965), Section 46, Comments d and i:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bound of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Eastern Airlines, Inc. v. King, 557 So. 2d 574, 576 (Fla. 1990); McCarson, 467 So. 2d at 278-79; Fridovich v. Fridovich, 573 So. 2d 65, 72 (Fla. Dist. Ct. App. 199).

Adamson's allegations simply do not rise to the level required to state a claim for intentional infliction of emotional distress.  Conduct that is just as egregious as that alleged by Adamson, if not more so, has been rejected by the Florida courts as insufficient to state a claim for intentional infliction of emotional distress.  See Kent v.

Harrison, 467 So. 2d 1114 (Fla. Dist. Ct. App. (1985) (holding that defendant's deliberate, methodical and incessant harassing telephone calls extending over several months made by appellant against appellee, though offensive and inappropriate, did not rise to the level of extreme or outrageous); Roux Labs., Inc. v. Lay, 379 So. 2d 451 (Fla. Dist. Ct. App. 1980) (holding that defendant's use of humiliating language, racial epithets, vicious verbal attacks, and threatening plaintiff with job loss in a public parking lot, while disdainful, did not rise to the level of outrageous conduct).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 28) is granted to the following extent:

　a. Counts II and IV are dismissed insofar as they attempt to raise claims under 42 U.S.C. §§ 3603-3606 and Sections 760.23 through 760.25, Florida Statutes.

　b. Count III, the common law tort claim for intentional infliction of emotional distress, is dismissed.

2. The motion is denied to the extent that Counts II and IV of the Complaint are based upon Section 3617 of the Federal Fair Housing Act and Florida's parallel provision, Section 760.37, Florida Statutes.

3. Plaintiff shall file an amended complaint as to Count I within 10 days from the date of this Order.

4. Defendants shall file their response to the amended complaint within ten days of service.

**DONE AND ORDERED** at Tampa, Florida, on June 13, 2008.

        s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record